IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0219** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **RYAN JAMES CRAIG** | : | |

**MEMORANDUM**

Presently before the court is defendant's motion in limine (Doc. 34) to exclude the testimony of Mr. Lovano and Mr. Arola.  For the reasons that follow, the ruling on the motion will be deferred until trial.

I.  **Factual Background**

On June 21, 2006, defendant, Ryan James Craig, was indicted by a grand jury. The indictment charges defendant with mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and money laundering in violation of 18 U.S.C. § 1956.[1]  (Doc. 1.)  The government alleges, *inter alia*, that defendant carried out an internet fraud scheme by posting items for sale on the internet that neither he, nor the others involved, possessed or intended to deliver.  (Doc. 1 ¶ 1.) On July 11, 2006, defendant entered a plea of not guilty as to each count in the indictment.  (Doc. 10.)  On February 28, 2007 a superseding indictment was filed, adding the charge of failure to appear in violation of 18 U.S.C. § 3146.  (Doc. 48.) Defendant subsequently entered a plea of not guilty.  (Doc. 60.)

---

[1] The indictment also alleges that the property involved in the charged offenses is subject to forfeiture.  (Doc. 1 at 8-10.)

On October 10, 2006, defendant filed the instant motion, noting that the government advised counsel for defendant that it

> intends to call Mr. Lovano and Mr. Arola as witnesses. These individuals are not set forth in separate counts in the indictment; however, their testimony is admissible as they are both victims of the scheme alleged in the indictment. In the alternative, the [government] will introduce their testimony and related documents as Rule 404(b) evidence. Specifically, their testimony and related documents are evidence of the same, common, connected, inseparable[] plan and scheme as alleged in the indictment. It is also evidence that shows defendant's ability and experience to execute a fraudulent scheme.

(Doc. 34 ¶ 3.) Defendant argues that their testimony and related documents should be excluded pursuant to Rules 404(b) and 403 of the Federal Rules of Evidence. The motion has been fully briefed and is ripe for disposition.

## II.   Discussion

Evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). However, such evidence may be admissible:

> for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Id. Rule 404(b)'s list of "other purposes" is illustrative and inclusive, not exhaustive and exclusive. United States v. Console, 13 F.3d 641, 659 (3d Cir. 1993). Not all evidence of other acts falls within the ambit of Rule 404(b). "Evidence of acts which are 'intrinsic' to the charged offense" does not implicate Rule 404(b). United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2002) (quoting FED. R. EVID. 404(b) advisory committee notes).

In the matter *sub judice*, the government opposes the instant motion, without citing any case law for support, by stating that Mr. Lovano and Mr. Arola "were victims of the very same scheme charged in the Superseding Indictment" and that "both individuals are part of the fraudulent scheme charged." (Doc. 75 at 1-2.) The court will construe the government's argument as an argument that the acts involving Mr. Lovano and Mr. Arola are intrinsic to the charged offenses. An act is intrinsic only if it "directly prove[s] the charged offense." United States v. Haas, 184 F. App'x 230, 234 (3d Cir. 2006) (quoting Cross, 308 F.3d at 320); see also id. (noting that the Third Circuit previously declined to adopt the "inextricably intertwined" and "completeness of the story" doctrines adopted by other circuits analyzing whether acts are intrinsic). Although Mr. Lovano and Mr. Arola may have been victims of the same scheme, the court finds that the acts involving these individuals do *not* directly prove the charges against the other alleged victims, who are named in the superseding indictment. Therefore, admissibility of these acts is governed by Rule 404(b).

A four-part test governs the admissibility of Rule 404(b) evidence:

> (1) the evidence must have a proper purpose; (2) it must be relevant [under Rules 401 and 402]; (3) its probative value must outweigh its potential for unfair prejudice [under Rule 403]; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted.

United States v. Daraio, 445 F.3d 253, 264 (3d Cir. 2006); see also United States v. Gorko, 169 F. App'x 745, 748 (3d Cir. 2006). The court is unable to evaluate the acts involving Mr. Lovano and Mr. Arola under this four-part test because the

government does not address Rule 404(b) or this four-part test in its brief in opposition.[2]  (See Doc. 75.)  Therefore, the ruling on the instant motion will be deferred until trial.  If the government intends to call Mr. Lovano or Mr. Arola to testify, a hearing outside the presence of the jury will be held before they testify at which the parties will address the proposed evidence under Rule 404(b) and the four-part test in Daraio.

An appropriate order will issue.

        S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     May 3, 2007

---

[2] The government also did not address defendant's argument that the testimony of Mr. Lovano and Mr. Arola should be excluded pursuant to Rule 403. (See Doc. 75.)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. 1:06-CR-0219 |
| : | |
| v. : | (Judge Conner) |
| : | |
| **RYAN JAMES CRAIG** : | |

## ORDER

AND NOW, this 3rd day of May, 2007, upon consideration of defendant's motion in limine to exclude the testimony of Mr. Lovano and Mr. Arola (Doc. 34), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The court will DEFER ruling on the motion in limine (Doc. 34) until trial.

2. If the government intends to call Mr. Lovano or Mr. Arola to testify, a hearing outside the presence of the jury shall be held before they testify at which the parties will address the proposed evidence under Rule 404(b) of the Federal Rules of Civil Procedure and the four-part test in United States v. Daraio, 445 F.3d 253, 264 (3d Cir. 2006). During the hearing, the parties shall cite to applicable and controlling case law.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge