## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0219** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **RYAN JAMES CRAIG,** | : | |
| | : | |
| **Defendant** | : | |

### ORDER

AND NOW, this 30th day of December, 2008, upon consideration of the motion (Doc. 159) for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, filed by defendant Ryan James Craig, and it appearing that the United States Postal Inspection Service seized $16,342 from defendant during the course of its criminal investigation (see id. ¶ 3; see also Doc. 150 ¶¶ 3-4), that by the judgment of conviction dated December 20, 2007, defendant was ordered to pay $12,411 in restitution and a $300 special assessment (see Doc. 199 at 1), and that defendant is requesting that the remaining $3,631 be returned to his possession (see Doc. 159), and it further appearing that defendant was convicted of conspiracy to commit wire fraud in the United States District Court for the District of Rhode Island on December 2, 2003, see United States v. Craig, No. 1:03-CR-049 (D.R.I.); (see also Doc. 161, Ex. 1), that defendant was ordered to pay $58,002 in restitution and a $100 special assessment as a result of the Rhode Island conviction (see Doc. 161 at 2), and that as of the date of this order, defendant owes $52,875.56 in principal

and $3,464.27 in interest on the Rhode Island judgment[1] (id.), and the court recognizing that a "criminal defendant is presumptively entitled to the return of his property once it is no longer needed as evidence," Lavin v. United States, 299 F.3d 123, 127-28 (2d Cir. 2002); see also United States v. Mohammad, 95 F. Supp. 2d 236, 240 (D.N.J. 2000), but that the government is entitled to retain property when it has a legitimate reason to do so, see Lavin, 299 F.3d at 128; United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993), and that an order of restitution constitutes a lien in favor of the government on all of a defendant's property, see 18 U.S.C. § 3613(c), and that the lien confers upon the government a claim of ownership sufficient to overcome a defendant's property interest, see Lavin, 299 F.3d at 128; Mills, 991 F.2d at 612; United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990), and the court

---

[1] This court obtained jurisdiction over defendant's Rhode Island conviction on June 29, 2007 pursuant to a transfer of jurisdiction order. (See Doc. 161, Exs. 2-3); see also 18 U.S.C. § 3605 (authorizing a district court to transfer jurisdiction over a supervised releasee).

concluding that the restitution order issued by the Rhode Island District Court, which remains unpaid, establishes such a lien,[2] it is hereby ORDERED that:

1. Defendant's motion (Doc. 159) for return of property is DENIED.

2. The United States Postal Inspection Service shall deliver the remaining $3,631 of the funds seized from Ryan James Craig to the Clerk of Court for the District of Rhode Island.[3]

3. The Clerk of Court for the District of Rhode Island shall apply the funds to victim restitution as set forth in the judgment and commitment order entered in United States v. Craig, No. 1:03-CR-049 (D.R.I.). (See Doc. 161, Ex. 1.)

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Defendant argues that the money seized by the government in the above-captioned matter may not be used to satisfy the remaining restitution due on the Rhode Island judgment. (Doc. 199 at 2-3.) Defendant cites to United States v. Williams, 911 F. Supp. 504 (N.D. Ala. 1996), which rejected a government motion to assign to a third party the restitution owed one victim pursuant to a final judgment. Williams is inapposite; the instant proceeding does not concern the assignment of restitution from one victim to a third party. Rather, this case concerns the government's right to apply the proceeds of seized assets to debts owed by the defendant asset holder. The government retains a possessory interest in defendant's property so long as defendant's restitution remains unpaid. This lien extends to all of defendant's property, including the $3,631 to which defendant claims an entitlement. See § 3613(c) (explaining that the lien burdens "*all* property and rights to property of the person fined" (emphasis added)).

[3] The Rhode Island District Court ordered defendant to pay restitution jointly and severally along with a second defendant, over whom this court has no jurisdiction. Thus, the Clerk of Court for the District of Rhode Island maintains responsibility for the allocation of assets among the Rhode Island wire fraud victims. (See Doc. 161 at 4 n.1.)