IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES of AMERICA,<br>　　　　　Respondent<br><br>　　v.<br><br>Ryan James Craig,<br>　　　　　Defendant | )<br>)<br>)<br>)<br>)  No.:  1:cr-06-219<br>)<br>)    (Judge Conner)<br>)<br>)<br>)<br>)<br>) |

FILED
NOV 0 2 2010
PER ____
HARRISBURG, PA.   DEPUTY CLERK

## MOTION FOR RETURN OF PROPERTY TO CLAIMANT; LIABILITY FOR WRONGFUL SEIZURE; ATTORNEY FEES, COSTS, AND INTEREST

COMES NOW, the Defendant, Ryan James Craig, pro se, and submits the following Motion for Award of Interest Payment for Wrongfully Seized Monies pursuant to Title 28, United States Code, Section 2465. In support of this motion, the Defendant Ryan James Craig alleges as follows:

1. The defendant ("Craig") has been awarded the return of wrongfully seized funds by the United States pursuant to 2009 WL 4609762 C.A.3 (Pa.).

2. The United States has been in unlawful possession of Defendant's $3531.00 in U.S. Currency from on or about "March 2005 through the present day October 22, 2010."

3.  While the money at issue was actually seized on June 17, 2003 by the Middletown Police Department Police Officers, the funds were not turned over to a federal law enforcement agency until approximately March of 2005. <u>See</u> 28 U.S.C. § 2465(c)(ii).

4.  Further, while the total seizure of $16,432.00 occurred on two seperate occasions, approximately $9,000.00 was seized on January 30, 2007, and approximately $6,900.00 was seized on June 17, 2003 by State Law Enforcement, then subsequently turned over to Federal Law Enforcement around March of 2005. Because it is now impossible to determine when the $3531.00 was seized, as both seizures were for amounts either double or triple the amount, this Honorable Court is implored to go by the first seizure date when the government took the funds from Middletown Police Department on or about March 2005.

5.  Having established an approximate time frame now of March 2005 through October 2010 as the window for which interest payments are due, the Defendant notes that the United States has never disclosed if any interest was actually paid to them, by having the Defendant's money in an interest-bearing account or instrument. <u>See</u> 28 U.S.C. § 2465(c)(i).

6.  Assuming that the government's position is that no interest was actually paid to them at any time in the 67 months or 5.7 years they held said $3531.00, the Defendant herein requests an interest award pursuant to 28 U.S.C. § 2465(c)(ii).

7.  While it is nearly impossible for the Defendant to find out the "30-Day Treasury Bill's Applicable Earned Rates" for this time frame, as Defendant's incarceration renders access to 67 months of historical financial data all but completely impossible, pursuant to 28 U.S.C. § 2465(c)(ii), the Defendant proposes an interest rate of four percent (4%) to be applied universally across the entire 67 months span that the government has been in possession of the $3531.00. This breaks down to $11.77 a month, which, times 67 months, equals $788.59. Please note that this interest has not been compounded across these months, the interest itself gaining interest through subsequent months. The Defendant welcomes the Court or United States Attorney's Office to take the time and resources to actually figure out the 67 different interest rates for the 67 different months, compound that accruing interest, and then figure out the total award, should it disagree with the Defendant's calculations.

8.	The Defendant further notes that, pursuant to 28 U.S.C. § 2465(c)(ii), the monies at issue were never subjected to any scientific testing for purposes of collecting evidence.

The Defendant also states that pursuant to 28 U.S.C. § 2465(c)(ii) the monies at issue were subjected only very minimally to "use as evidence in an official proceeding" under the reasonableness standard. Only proceeding in this Court in which these funds were used as evidence was during Defendant's Four Day Trial. At no other official proceeding (i.e. Arraignment, Pre-Trial Motions, Sentencing, Appeals) were these monies reasonably evidence.

9.	The Defendant notes that while counsel Gerald A. Lord was appointed to represent the Defendant's interest in this matter, after the August 20, 2010 teleconference with the Court, and subsequent order returning the $3531.00, Attorney Lord has told the Defendant that his involvement with this case is complete. The Defendant also notes that the Interest Payment issue <u>was</u> raised during the August 20, 2010 teleconference with the Court and counsel, but Court's Order dated 8-20-10 made no mention of this.

10.     The United States has no immunity in this matter, because express congressional consent authorizes the award of interest in this case. See 28 **U.S.C.** § **2465**. Ultimately, everything that has happened in this matter is the direct result of the government initiating civil forfeiture claims against the Defendant, under the guised title of a "Motion to Direct Restitution Payment". Because the government's actions had the intent of forfeiting the Defendant's funds, they qualify as "civil proceedings to forfeit property". See **United States v. Nolasco**, 354 Fed. Appx 676 (3rd Cir. 2009).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant Ryan James Craig, pro se, requests that this Honorable Court enter an Order directing an interest payment be made on the time frame and total rates as determined by the Court and pursuant to 28 U.S.C. § 2465.

Respectfully submitted this 28th day of Oct, 2010 A.D.

/s/ Ryan James Craig, pro se
#05329-070
P. O. Box 1000
Petersburg, VA  23804

## CERTIFICATE OF SERVICE

I hereby certify and aver that on the 28th day of Oct, 2010, a true and correct copy of the foregoing Motion for Award of Interest Payment for Wrongfully Seized Monies was placed into a postage prepaid, First Class United States envelope and addressed to the following party:

    Joseph J. Terz
    Assistant United States Attorney
    P. O. Box 11754
    Harrisburg, PA  17108-1754

/s/ Ryan James Craig, pro se

Ryan Craig
#05329-070
FCC MED
P.O. BOX 1000
Petersburg, VA 23804

RECEIVED
HARRISBURG, PA
NOV 02 2010
MARY E. D'ANDREA, CLERK
Per _____

Clerk of the Court
U.S. District Courthouse
228 Walnut St.
Harrisburg, PA 17108

1710853800