# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:06-CR-219** |
| v. : | **(Judge Conner)** |
| **RYAN JAMES CRAIG** : | |
| **Defendant** : | |

## MEMORANDUM

Presently before the court is a motion (Doc. 236) for award of interest payment filed *pro se* by petitioner Ryan James Craig ("Craig"). Craig claims he is entitled to an interest award, pursuant to 28 U.S.C. § 2465, on the excess funds returned to him after satisfaction of a restitution payment ordered by this court. For the reasons set forth below, the motion for award of interest will be denied.

## I. Background and Procedural History

In 2007, a jury convicted Craig of wire fraud in violation of 18 U.S.C. § 1343. (Doc. 98.) This court sentenced Craig to 71 months imprisonment and ordered him to pay restitution to the fraud victims in the amount of $12,411, in addition to a special assessment of $300. (Doc. 133.) During the course of the criminal investigation leading up to Craig's conviction, the government seized $16,432 from Craig, and requested that the restitution order be satisfied from those funds. (Doc. 150.) On July 28, 2008, this court granted the government's request to apply the seized funds toward the restitution payment. (Doc. 162.)

Craig requested the return of the remaining balance of $3,631 pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.[1] (Doc. 159.) The government opposed the motion, arguing that the balance of the seized funds should be used to pay an unsatisfied restitution order totaling $58,002 in an unrelated federal criminal judgment entered by the United States District Court for the District of Rhode Island. (Doc. 161.) On December 20, 2008, this court denied Craig's motion for return of property and ordered the government to remit the $3,631 balance to the Rhode Island Court. (Doc. 200.) On appeal, the Third Circuit Court of Appeals ordered the return of the funds to Craig, see United States v. Craig, 359 Fed. App'x 289 (3d Cir. 2009), which the court accomplished on or about August 20, 2010. (Doc. 232.) On November 2, 2010, Craig filed the instant motion (Doc. 236) pursuant to 28 U.S.C. § 2465 for the award of interest on the $3,631. The government submitted an opposing brief (Doc. 239) on January 5, 2011, and Craig filed a reply (Doc. 240) on January 24, 2011. The motion has been fully briefed and is now ripe for disposition.

---

[1] FED. R. CRIM. P. 41(g) states:
Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.
Id.

## II. Discussion

Craig asserts that he is entitled to interest on the principal of the $3,631 during the time it was held in possession by the United States government. (Doc. 236.) Specifically, he argues that an award of interest is authorized in a Rule 41(g) proceeding. Additionally, Craig contends that he "substantially prevailed" in a civil proceeding to forfeit property, thus warranting the award of interest. See 28 U.S.C. § 2465(b)(1). In response, the government argues that the court is without jurisdiction to award interest in Rule 41(g) proceedings. The government also contends that Craig does not meet the requirements of 28 U.S.C. §2465 because he did not substantially prevail in a civil forfeiture proceeding. The court will address these arguments *in seriatim*.

### A. Sovereign Immunity

It is well settled that the government has the authority to seize an individual's property as evidence for use in a criminal investigation and trial. United States v. Bein, 214 F.3d 408, 411 (3d Cir. 2000) (citing United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999)). However, unless that property is contraband or subject to forfeiture, the government must return it at the conclusion of criminal proceedings. Id. An individual whose property has been seized by the government may file a motion under Federal Rule of Criminal Procedure 41(g)[2] to

---

[2] Fed. R. Crim. P. 41(g) was previously designated as Fed. R. Crim. P. 41(e), as referenced in Bein. On December 1, 2002, Fed. R. Crim. P. 41(e) was redesignated Fed. R. Crim. P. 41(g) without substantive change. See FED. R. CRIM P. 41 Advisory Committee Note to the 2002 amendments. See also Adeleke v. United States, 355 F.3d 144 n.1 (2d Cir. 2004).

3

request its return.  Id. (citing Chambers, 192 F.3d at 376; Government of Virgin Islands v. Edwards, 903 F.2d 267, 273 (3d Cir. 1990)).  A district court retains jurisdiction over a motion for return of property even after criminal proceedings are terminated against the defendant.  Id. (citing United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (en banc); Chambers, 192 F.3d at 376-77).  When the motion is filed after the termination of criminal proceedings, the action is treated as a civil proceeding for equitable relief.  Id.

The principles of sovereign immunity dictate that federal courts lack jurisdiction over suits against the United States unless Congress expressly waives the United States' immunity to suit.  Bein, 214 F.3d at 412 (citing United States v. Mitchell, 463 U.S. 206, 212 (1983)).  The Supreme Court has stated that a waiver must be unequivocally expressed in statutory text and will not be implied.  See Lane v. Pena, 518 U.S. 187, 192 (1996).  In other words, the waiver of sovereign immunity does not extend beyond the express terms of the waiver.  See Dep't of the Army v. Blue Fox, Inc., 525 U.S. 225 (1999).  Furthermore, the scope of the waiver must be strictly construed in favor of the sovereign.  Id. at 261.

Based on the principles of sovereign immunity and the reasoning of the United States Supreme Court in Blue Fox, the Third Circuit has concluded that Rule 41(g) provides for one specific remedy—"the return of property."  Bein, 214 F.3d at 414.  The Third Circuit explained that although Rule 41(g) has been treated as a civil equitable action, "such a characterization cannot serve as the basis for subjecting the United States to all forms of equitable relief."  Id. at 415.  Relying on

4

the Supreme Court's decision in Blue Fox, the court held that any waiver of sovereign immunity must be restricted to the precise language of the rule. Id. (citing Blue Fox, 525 U.S. at 261). Accordingly, the Bein court found that sovereign immunity bars a claim against the government seeking money damages under Rule 41(g). Id. at 413. Thus, when this court ordered the return of the excess seized funds to Craig, (see Doc. 232), he achieved his only remedy. Based upon the clear precedent set forth in Bein, this court is without jurisdiction to award interest on the seized funds pursuant to Rule 41(g).

**B. Requirements of 24 U.S.C. § 2465**

Craig also contends that he is entitled to an award of interest due to the express congressional consent provided in 28 U.S.C. § 2465(b)(1).[3] (Doc. 236, at 5.)

---

[3] 24 U.S.C. § 2465(b)(1) states the following:
(b)(1) Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for–
    (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant;
    (B) post-judgment interest, as set forth in section 1961 of this title; and
    (C) in cases involving currency, other negotiable instruments, or the proceeds of interlocutory sale–
        (i) interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument; and
        (ii) an imputed amount of interest that such currency, instruments, or proceeds would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid (not including any period when the property reasonably was in use as evidence in an official proceeding or in conducting scientific tests for the purpose of collecting evidence), commencing 15 days after the property was seized by a

This section states in pertinent part, "in any civil proceeding to forfeit property under any provision of Federal Law in which the claimant substantially prevails, the United States shall be liable for . . . interest actually paid to the United States . . . and . . . an imputed amount of interest." 28 U.S.C. § 2465(b)(1). Craig claims that because the government initiated civil forfeiture proceedings against him, such action triggers the recovery provisions of the statute. (Doc. 236, at 5.) The government counters that Craig is not entitled to the award of interest because he did not "substantially prevail" in the civil proceeding. (Doc. 239, at 6-8.)

The language of 28 U.S.C. § 2465(b)(1) explicitly requires that a defendant "substantially prevail" in a civil proceeding to forfeit property in order to be entitled to its recovery provisions. The Supreme Court has stated that a "prevailing party" is generally one who has been awarded some relief by the court. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001). The term does not include a party that has failed to secure a judgment on the merits. Id. at 600. Rather, in order to "prevail," a party must achieve an "alteration in the legal relationship of the parties" that bears a "judicial *imprimatur* on the change." Id. at 604-05. Courts have interpreted this language to mean that parties cannot "substantially prevail" for purposes of § 2465(b) in the absence of a judicial proceeding. See Ochel Rachel Synagogue v. United States, 482 F.3d 1058, 1063 (9th Cir. 2007).

---

> Federal law enforcement agency, or was turned over to a Federal law enforcement agency by a State or local law enforcement agency.

28 U.S.C. § 2465(b)(1).

In the present action, the government initiated civil forfeiture proceedings against Craig on February 11, 2008. (United States v. $6,960.00 in U.S. Currency, et al., No. 1:08-CV-0267 (M.D. Pa.), Doc. 1) ("Craig II"). However, when this court directed the seized funds to be applied toward the payment of restitution, the funds were no longer available for civil forfeiture. Thereafter, the government moved to dismiss the civil forfeiture proceedings (Craig II, Doc. 29), and the court granted that motion on January 21, 2009. (Craig II, Doc. 30.) Craig agreed to the dismissal of the civil action without prejudice. (Craig II, Doc. 29.) Hence, Craig did not obtain a judgment on the merits and he was not awarded any relief specific to the civil forfeiture action.

Craig suggests that his Rule 41(g) motion constituted a "legal action" through which he demanded the return of funds that the government sought to have forfeited to it. (Doc. 240, at 2-3.) In essence, Craig is asking the court to ignore the literal meaning of the civil forfeiture statute in favor of a liberal construction to circumvent the clear holding in Bein. (Id. at 3-5.) Craig's argument is unavailing. A Rule 41(g) motion is considered a civil equitable action, but not a civil proceeding to forfeit property. See Bein, 214 F.3d at 411, 415. Craig did not substantially prevail in a civil forfeiture proceeding; he merely achieved the return of the $3,631 previously held by the government, the sole remedy under Rule 41(g). Craig's Rule 41(g) motion does not qualify as a civil proceeding to *forfeit* property, a proceeding necessarily instituted by the United States, the non-property owner. To the contrary, it is an equitable action for the *return* of property instituted by the

7

property owner. Craig did not substantially prevail in the civil forfeiture proceeding and he is not entitled to an award of interest under 28 U.S.C. § 2465.

## III. <u>Conclusion</u>

For the foregoing reasons Craig's motion (Doc. 236) for an award of interest payment will be denied.

An appropriate order follows.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:  March 7, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:06-CR-219 |
|---|---|---|
| v. | : | (Judge Conner) |
| **RYAN JAMES CRAIG** | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 7th day of March, 2011, upon consideration the motion (Doc. 236) for return of U.S. currency and property filed by defendant Ryan James Craig ("Craig") on November 2, 2010, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 236) for award of interest payment is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge